UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARPU VENUGOPAL,<br><br>        Plaintiff,<br><br>   v.<br><br>DIGITAL FEDERAL CREDIT UNION, an FDIC insured corporation and DOES 1–100 inclusive,<br><br>        Defendants. | Case No.: 5:12-CV-06067 EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket No. 10]** |

Presently before the Court is Defendant Digital Federal Credit Union's ("Defendant") Motion to Dismiss Plaintiff Marpu Venugopal's ("Venugopal") Complaint. The Court found this matter appropriate for determination without oral argument pursuant to Civil Local Rule 7–1(b), and therefore vacated the associated hearing. Having reviewed the parties' papers, the Court has determined that Defendant's Motion will be DENIED.

**I.  Background**

The factual allegations below have been pleaded by Plaintiff in the Complaint. On March 18, 2009, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in Bankruptcy Court of the Northern District of California which listed an unsecured debt in favor of Defendant in the amount of $26,102.00. Compl. ¶ 12–13, Notice of Removal Ex. A, Docket Item No. 1. Throughout the

1

Case No.: 5:12-CV-06067 EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

petition Plaintiff disputed this debt. Id. ¶¶ 14–15. On June 23, 2009, Plaintiff's Bankruptcy petition was granted; he alleges that this amounted to a discharge of all dischargeable debts including the unsecured debt owed to Defendant. Id. ¶ 14. Plaintiff also alleges that the discharge order relates back to the date he filed for bankruptcy. Id. ¶ 15. He also claims that Defendant was notified of this discharge the following day, on June 24, 2009. Id. ¶ 14.

Two years later, on May 2, 2011, Plaintiff pulled his Informative Research Credit Report from the credit reporting agencies ("CRAs") Experian, Transunion, and Equifax. Id. ¶ 15. Plaintiff alleges that the "report indicates that [Defendant] reported overdue payments on Plaintiff's credit account to all three CRA's each month from the time Plaintiff filed for bankruptcy up until entry of the [Bankruptcy] discharge order." Id. On May 5, 2011, Plaintiff sent a letter to the CRAs requesting investigation of the information Defendant furnished to the CRAs so they could compile Plaintiff's credit report. Id. ¶ 16. Plaintiff disputes the accuracy of Defendant's reporting and, as noted, disputed the debt during the bankruptcy proceedings. Id.

On May 17, 2011, Plaintiff received his Informative Research credit report, which was a compilation of the reports from Equifax, Experian, and Transunion. Id. ¶ 17. Plaintiff alleges that Defendant continued to misreport the overdue payments to Experian and did not report that Plaintiff disputed the accuracy of this information. Id. ¶¶ 17–19. Plaintiff notes that Defendant discontinued reporting this information to Equifax or Transunion. Id. ¶ 17.

On October 12, 2012, Plaintiff filed his Complaint in Santa Clara County Superior Court in which he brought forth three causes of action against Defendant and Does 1–100: (1) violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b); (2) violation of California Consumer Credit Reporting Agencies Act (CCCRAA), Cal. Civ. Code § 1785.25(a); and (3) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. On November 29, 2012, Defendant removed the Complaint to this Court, which has jurisdiction to hear the case under 28 U.S.C. §§ 1331, 1367.

2

Case No.: 5:12-CV-06067 EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III. Discussion

### A. Claim 1: Violation of the Fair Credit Reporting Act (FCRA)

Plaintiff's first cause of action is that Defendant violated the FCRA by reporting inaccurate or incomplete information to at least one of the CRAs. Specifically, Plaintiff contends that Defendant inaccurately reported to Experian that Plaintiff owed an unsecured debt (in the amount of $26,102.00) to Defendant during the pendency of the bankruptcy proceedings. Compl. ¶ 26. Plaintiff asserts that this information was inaccurate "because it suggests that that [Plaintiff's

3

Case No.: 5:12-CV-06067 EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

credit] account was still collectable and because the discharge order, which removed Plaintiff's legal obligation to pay [Defendant], relates back to the date Plaintiff filed for bankruptcy." Id. ¶ 15.

The FCRA imposes distinct duties on CRAs and furnishers of credit information so as to ensure accurate and complete credit reporting. See 15 U.S.C. § 1681 et seq.; Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1155–56 (9th Cir. 2008) ("[A] primary purpose for the FCRA [is] to protect consumers against inaccurate and incomplete credit reporting."). Subsection 1681i(a)(2) requires that CRAs provide notice of a dispute to the corresponding furnisher within five business days of receiving the dispute from the consumer. Subsection 1681s–2(b) imposes four duties on furnishers of credit information subsequent to receipt of notice from a CRA. Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Upon receiving notice from a CRA, a furnisher must: (1) conduct an investigation; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; and (4) if inaccurate or incomplete information is discovered, report this result "'to all [nationwide] consumer reporting agencies to which the person furnished the information.'" Id. (quoting 15 U.S.C. § 1681s–2(b)). Since a private right of action against furnishers exists only for duties imposed by § 1681s–2(b), notice from the CRA to the furnisher is an essential allegation for a prima facie case under the FCRA. See Gorman, 584 F.3d at 1154.

The Court first notes that Plaintiff has sufficiently pleaded the underlying notice requirement of a prima facie FCRA claim. Plaintiff alleges that on May 5, 2011 he submitted written notice to the CRAs disputing the accuracy of the overdue payments reported during his bankruptcy. Compl. ¶¶ 10, 16, 24. He also alleges that the CRAs contacted Defendant about this dispute pursuant to their duties under 15 U.S.C. § 1681i(a)(2). Id. Therefore, these allegations are sufficient to conclude that Defendant received the requisite notice about the disputed information on Plaintiff's CRA report. See Montgomery v. Wells Fargo Bank, No. C12-3895 TEH, 2012 WL 5497950, at *5 (N.D. Cal. Nov. 13, 2012). Accordingly, the Court finds that Plaintiff has adequately alleged that Defendant received notice of the dispute.

The Court next turns to the question of whether Plaintiff has sufficiently alleged that Defendant did not meet its investigatory and reporting duties under the FCRA. In support of its Motion to Dismiss, Defendant primarily contends that the information it reported was accurate, and therefore, Defendant could not have fallen short of its obligations. See Def.'s Mot. to Dismiss 6 ("Because the information reported to Experian was accurate, the investigation by [Defendant] was necessarily reasonable . . . ."); see also id. at 2 (". . . [T]he information reported to the credit bureaus was accurate at the time it was reported . . . [a]nd therefore, [Defendant's] investigation into Plaintiff's dispute was reasonable, barring any liability under the [FCRA]."). Defendant contends that the information was accurate because it was merely reporting on Plaintiff's credit history; part of Plaintiff's credit history, Defendant notes, is that at the time of the bankruptcy proceedings Plaintiff owed Defendant the unsecured debt of $26,102.00. See id. at 4.

The Court disagrees with this line of reasoning. The FCRA not only requires that furnishers report information that is accurate, but it also requires that the information be complete so as to not be misleading. 15 U.S.C. § 1681s-2(b)(1). A claim of a violation of § 1681s-2(b) need not allege that the furnished information is "patently incorrect"; a pleading could sufficiently state a claim if it alleges that the report is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Gorman, 584 F.3d at 1163 (finding that a furnisher could be held liable under the FCRA where that furnisher accurately reported an account as "delinquent" but failed to note that the consumer had disputed the debt); see also Montgomery, No. C12-3895 TEH, 2012 WL 5497950, at *4–5.

In this case, while Defendant's reporting to Experian about the alleged debt may have been technically accurate, it still could have been misleading so as to materially alter the understanding of the debt. Defendant failed to report to Experian that Plaintiff's debt had been discharged as a result of the bankruptcy petition. Defendant also failed to report that the debt was in dispute. The incompleteness of the reporting could be misleading so as to form the basis of a FCRA claim. See Gorman, 584 F.3d at 1163. This allegation is indeed contained in the Complaint: "[The information Defendant continued to provide Experian] was inaccurate because it suggests that that [Plaintiff's

5
Case No.: 5:12-CV-06067 EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

credit] account was still collectable and because the discharge order, which removed Plaintiff's legal obligation to pay [Defendant], relates back to the date Plaintiff filed for bankruptcy." Compl. ¶ 26.

The Court also finds that Plaintiff has sufficiently pleaded the remaining elements of an FCRA claim. Plaintiff alleges that after completing its investigation, Defendant did not correct the reporting of this information to Experian in violation of the FCRA. Id.; see also 15 U.S.C. § 1681s-2(b) (requiring furnishers to report a finding of incomplete or inaccurate information to the CRAs). The Complaint also states that after the investigation Defendant withdrew the inaccurate or incomplete information from its report to Transunion and Equifax, but not to Experian. Compl. ¶ 17. This supports Plaintiff's contention that Defendant did or could have discovered the inaccurate or incomplete nature of the original reporting through a reasonable investigation, yet failed to rectify that inaccuracy or incompleteness in violation of § 1681s-2(b). See Hanks v. Talbots Classics Nat. Bank, No. C 12-2612 SI, 2012 WL 3236323, at *3 (N.D. Cal. Aug. 6, 2012).

Accordingly, and drawing reasonable inferences in Plaintiff's favor, the Court finds that the Complaint sufficiently states a claim that Defendant breached its duty under the FCRA to conduct a reasonable investigation and report to Experian that the information about Plaintiff's debt was inaccurate, incomplete or misleading.

**B. Claim 2: Violation of California Consumer Credit Reporting Agencies Act**

Plaintiff's second cause of action is for a violation of the CCCRAA, which provides, in pertinent part, that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25(a). The statutes also provides for a private right of action to enforce this provision. Id. §§ 1785.25(g), 1785.31(a). "[B]ecause the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the

6

Case No.: 5:12-CV-06067 EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

California provisions.'" <u>Carvalho v. Equifax Info. Servs. LLC</u>, 629 F.3d 876, 889 (9th Cir. 2010) (quoting <u>Olson v. Six Rivers Nat'l Bank</u>, 111 Cal. App. 4th 1, 12 (2003)).

Defendant's Motion to Dismiss vis-à-vis Plaintiff's CCCRAA claim essentially iterates its argument with regard to Plaintiff's FCRA claim: that the information Defendant provided to Experian was accurate. Because the Court has already rejected that argument and found that Plaintiff has stated a cause of action for a FCRA violation, it also finds that Plaintiff has stated a cause of action for a violation of the CCCRAA sufficient to withstand Defendant's motion.

### C. Claim 3: Violation of California's Unfair Competition Law

Plaintiff's third cause of action is for a violation of the UCL's unlawful prong predicated upon the alleged violation of the CCCRAA. <u>See</u> Cal. Bus. & Prof. Code § 17200 <u>et seq.</u> (prohibiting unlawful business acts). The UCL has been found to be a proper mechanism of enforcement of the CCCRAA. <u>See</u> <u>Mortimer v. J.P. Morgan Chase Bank</u>, No. C 12-1936 CW, 2012 WL 3155563, at *6 (N.D. Cal. Aug. 2, 2012); <u>Montgomery</u>, No. C12-3895 TEH, 2012 WL 5497950, at *3. As this Court has found that Plaintiff has sufficiently alleged a violation of the CCCRAA, Plaintiff's UCL cause of action has been sufficiently pleaded so as to withstand Defendant's motion.

Defendant raises two arguments in support of its contention that the UCL claim should be dismissed. First, Defendant contends that Plaintiff has not met the UCL's statutory standing requirements, under which a plaintiff must allege that he or he "has suffered injury in fact and has lost money or property as a result of the unfair competition." <u>See</u> Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). However, Plaintiff alleges that he has suffered, among other things, an impediment on his ability to obtain further credit. <u>See</u> Compl. ¶¶ 40–41. Allegations of a diminished credit score or impairment of credit have been found to satisfy the UCL's standing requirement. <u>See</u> <u>King v. Bank of Am., N.A.</u>, No. C-12-04168 JCS, 2012 WL 4685993, at *8 (N.D. Cal. Oct. 1, 2012) (finding that the plaintiff had standing where he alleged "continued impairment"

United States District Court
For the Northern District of California

to his credit score). Accordingly, the Court finds that Plaintiff has standing to pursue his UCL claim and rejects Defendant's argument to the contrary.

Second, Defendant claims that Plaintiff's UCL claim is preempted by federal law, namely the FCRA and the Bankruptcy Code. With regard to the FCRA, the Gorman court held that the FCRA preempts state statutes that impose additional legal duties or rules of law. 584 F.3d at 1171–72. Here Plaintiff's claim under the UCL does not seek to hold Defendant liable to any additional requirements or duties than would the FCRA; rather, Plaintiff is seeking to utilize the UCL as a mechanism of enforcement of same duties Defendant has under the FCRA and CCCRAA. As such, Plaintiff's UCL claim is not preempted by the FCRA. See El-Aheidab v. Citibank (South Dakota), N.A., No. C-11-5359 EMC, 2012 WL 506473, at *8 (N.D. Cal. Feb. 15, 2012) (finding that the plaintiff's UCL claim was not preempted by the FCRA since no additional substantive duties would be imposed upon Defendant).

As for the Bankruptcy Code, the Court also disagrees with Defendant. Plaintiff's UCL cause of action seeks to enforce the accuracy and completeness of credit reporting and involves an inquiry distinct from whether Plaintiff's debt was actually discharged during the bankruptcy proceedings. See Hanks, No. C 12-2612 SI, 2012 WL 3236323, at *4–5 (finding that the Bankruptcy Code would not prelude an FCRA claim in a similar context); King, No. C-12-04168 JCS, 2012 WL 4685993, at *9 (same). As such, the Court finds that Plaintiff's UCL claim is not precluded by the Bankruptcy Code.

## IV. Conclusion and Order

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED. The parties are ordered to comply with the schedule set in the Court's Case Management Order filed on March 4, 2013. See Docket Item No. 16.

**IT IS SO ORDERED.**

Dated: March 27, 2013


EDWARD J. DAVILA
United States District Judge